```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
ORA TAMIR,                                                        :
                                                                  :
                          Plaintiff,                              :
                                                                  :      MEMORANDUM & ORDER
              -against-                                           :      12-CV-4780(DLI)(JO)
                                                                  :
BANK OF NEW YORK MELLON as successor trustee                      :
to JP MORGAN CHASE BANK N.A. as trustee for the                   :
holders of SAMI II TRUST 2006-AR3, MORTGAGE                       :
PASS-THROUGH CERTIFICATES, SERIES 2006-                           :
AR3; and BANK OF AMERICA N.A.,                                    :
                                                                  :
                          Defendants.                             :
----------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Ora Tamir ("Plaintiff") filed the instant action against defendants Bank of New York Mellon ("New York Mellon") and Bank of America N.A. ("Bank of America," and, collectively with New York Mellon, "Defendants") seeking monetary damages and equitable relief arising from a purportedly invalid assignment of Plaintiff's mortgage. (*See generally* Compl., Docket Entry No. 1.) Defendants move to dismiss the instant action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Docket Entry No. 6.) Plaintiff opposes the motion and cross moves for leave to amend the complaint. (Mem. in Opp'n of Defs.' Mot. to Dismiss and in Supp. of Pl.'s Cross-Motion to Amend ("Pl.'s Mem."), Docket Entry No. 13.) For the reasons set forth below, Defendants' motion to dismiss is granted, Plaintiff's motion for leave to amend is denied, and the complaint is dismissed.

**BACKGROUND**

The following facts are taken from Plaintiff's complaint and are accepted as true for the purposes of this motion. On February 27, 2006, Plaintiff obtained a $360,000 loan from Countrywide Bank, N.A. ("Countrywide") for the purchase of real property located at 523 Brooklyn Avenue, Brooklyn, New York. (*See* Compl. at 8-9.[1]) Plaintiff executed an adjustable rate note and agreed to repay the principal balance of the loan, plus interest, with initial monthly payments of $1,242.43. (Braiman Affirmation Ex. 2 at 1, Docket Entry No. 7.) Plaintiff also executed a mortgage, which designates Countrywide as "Lender" and Mortgage Electronic Registration System, Inc. ("MERS") "as nominee for Lender and Lender's successors and assigns." (*Id.* Ex. 1 at 1.) The mortgage also states that MERS, as nominee, has the right "(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and (B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (*Id.* at 2.)

On July 1, 2008, Bank of America acquired Countrywide. (Compl. at 9.) Approximately three years later, on August 4, 2011, the mortgage was purportedly assigned by MERS to New York Mellon. (*Id.* Ex. B.) After the assignment, Plaintiff apparently continued to make monthly payments, although she fails to specify to which entity she directed her payments. (*See, e.g.*, *id.* at 12 (alleging that Plaintiff has "been paying the mortgage for the last year based on the assumption that new parties actually had the legal right to collect on the mortgage").) Plaintiff acknowledges, however, that Bank of America is currently the servicer of the loan. (*Id.* at 12.)

---

[1] Contrary to Federal Rule of Civil Procedure 10(b), Plaintiff does not set forth her allegations in sequentially numbered paragraphs. Accordingly, citations to the complaint herein refer to the electronic case filing page numbers set forth in Docket Entry No. 1.

On August 14, 2012, Plaintiff filed the instant action against Defendants New York Mellon and Bank of New York in the Supreme Court of New York, Kings County, asserting claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), as well as state law claims for fraud, misrepresentation, unjust enrichment, and quiet title. Plaintiff also seeks equitable relief, including a cancellation of the mortgage and a declaration that the assignment is void. Defendants timely removed the action to this Court.

## DISCUSSION

### I. Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## II. TILA

The complaint alleges that Defendants violated TILA and the implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226, by failing to provide full disclosure on the transfer, assignment, and public records for Plaintiff's mortgage. (Compl. at 16-17.)

Defendants' opening memorandum highlights multiple deficiencies with Plaintiff's TILA claim.[2] (Defs.' Mem. at 19-20.) Most notably, Defendants contend that Plaintiff's claim is barred by TILA's one-year statute of limitations because Plaintiff filed this action on August 14, 2012, more than one year after MERS executed the assignment of mortgage, but provides no allegations to warrant equitable tolling. *See Cardiello v. The Money Store*, 29 F. App'x 780, 781 (2d Cir. 2002) (recognizing that claims for damages under TILA are subject to one-year statute of limitations (citing 15 U.S.C. § 1640(e)); *Midouin v. Downey Sav. and Loan Ass'n, F.A.*, 834 F. Supp. 2d 95, 108 (E.D.N.Y. 2011) (same). Plaintiff has failed to provide any response to Defendants' plausible arguments, and, therefore, the Court deems the TILA claim abandoned. *See Thomas v. New York City Dept. of Educ.*, 2013 WL 1346258, at *17 (E.D.N.Y. Mar. 29,

---

[2] Because Plaintiff's TILA and state law claims suffer from numerous defects, in the interest of judicial economy, the Court will not address every argument raised by Defendants as to the adequacy of Plaintiff's claims.

4

2013) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (citation and internal quotations omitted)).

Accordingly, Defendant's motion to dismiss Plaintiff's TILA claim is granted.

## III. State Law Claims

In addition to her TILA claim, Plaintiff also brings various state law claims and seeks damages and equitable relief based on MERS's assignment of the mortgage to New York Mellon. (*See* Compl. at 10-16.) Defendants contend that Plaintiff's state law claims—all of which are predicated solely on the mortgage assignment from MERS to New York Mellon—should be dismissed because Plaintiff fails to allege that she has suffered damages or injury from the assignment and lacks standing to challenge the validity of the assignment agreement. The Court agrees with Defendants and finds dismissal of all of Plaintiff's state law claims warranted on this basis.

Generally speaking, a non-party to a contract lacks standing to challenge an agreement in the absence of terms demonstrating that it is a third-party beneficiary. *See Utreras v. Aegis Funding Corp.*, 2013 WL 789614, at *2 (E.D.N.Y. Mar. 1, 2013) ("[I]f one party purported to assign the mortgage to another party, but actually failed to do so, there could be a genuine dispute between the putative assignee and assignor over the ownership of the mortgage, but Plaintiff likely would have no standing in such a dispute."); *Karamath v. U.S. Bank, N.A.*, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012), *adopted by* 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012) ("[P]laintiff is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment."); *Shea v. Royal Enters., Inc.*, 2011 WL 43460, at *3 (S.D.N.Y.

5

Jan. 6, 2011) (holding that non-party lacked standing to challenge the enforceability of lease agreement). Here, Plaintiff is not a party to the mortgage assignment, nor is there language in the governing loan documents or other allegations suggesting that Plaintiff is a third-party beneficiary of that agreement.

Plaintiff's allegations also do not lead to the reasonable inference that she "has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). First, any purported assignment between MERS and New York Mellon has not injured Plaintiff because the assignment would not affect her obligation to repay her debt or otherwise alter the terms and conditions of the adjustable rate note and mortgage.[3] *Cf.* 77 *Charters, Inc. v. SYC Realty LLC*, 2012 WL 1077706, at *8 (E.D.N.Y. Feb. 27, 2012), *adopted by* 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012) (noting that failure to receive notice of assignment "only excuses a mortgagor from paying the new holder of the Note, not from making payment under the original terms of the Note"). Second, as there appears to be no dispute between Defendants (or any other lender or loan servicer) as to the propriety of the assignment, Plaintiff's allegations do not demonstrate that she has suffered, or would ever suffer, injury or damages in the form of double loan payments or competing claims. Indeed, the only party challenging the assignment appears to be Plaintiff herself. Third, there is no allegation that the assignee, New York Mellon, has commenced, or threatened to commence, a foreclosure proceeding, or otherwise attempted to

---

[3] Plaintiff concedes that the mortgage and adjustable rate note were valid at the time they were executed. (*See* Compl. at 9 (alleging that "[i]n or around February 27, 2006 [Plaintiff] obtained a mortgage of $360,000.00 with Countrywide"); Pl.'s Mem. at 25 (stating that "Plaintiff remain[s] liable to Countrywide" and "[Bank of America] can claim a right to the original wet inked note, from its acquisition of the original lender, Countrywide").)

6

collect on the loan following the assignment. Fourth, Plaintiff's allegations do not demonstrate that the assignment altered Plaintiff's manner of payment.[4]

Plaintiff's allegations, far from being a model of clarity or precision, attempt to transform hypothetical defenses to a foreclosure action into substantive claims for relief, even though no foreclosure proceeding has been commenced or threatened. Notably, several recent decisions that involve strikingly similar factual allegations to those here—namely, actions commenced by borrowers challenging mortgage assignments by MERS—have also found dismissal appropriate and lend further support to the Court's conclusion. *See Robinson v. Select Portfolio Servicing, Inc.*, 2013 WL 1405201, at *4 (6th Cir. Apr. 9, 2013) ("[P]laintiffs were not a party to the MERS assignment to U.S. Bank. Thus, they have no standing to contest that transfer."); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) ("[T]he only thing the assignment affects is to whom [appellant] makes the payments. Thus, she has no interest in the assignment from MERS to BAC. Accordingly, she has no standing to challenge it."); *Slorp v. Lerner, Sampson & Rothfuss*, 2013 WL 941430, at *3 (S.D. Ohio Mar. 8, 2013) ("Plaintiff may not challenge the Assignment [from MERS to BAC] because he is not a party to the assignment."); *Souders v. Bank of Am.*, 2012 WL 7009007, at *11 (M.D. Pa. Dec. 6, 2012), *adopted by* 2013 WL 451863 (M.D. Pa. Feb. 6, 2013) ("Plaintiff lacks standing to raise these claims because the contract underlying her claims is the assignment [by MERS] of the mortgage, to which she is neither a party nor third-party beneficiary."); *Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 568 (E.D.N.C. 2012) ("Plaintiffs lack standing to challenge the

---

[4] Although Plaintiff's complaint fails to identify the entity to which she directed payments, she does not dispute Defendants' assertion that she continued to make payments to Bank of America, the servicer of the loan, after the assignment. (Defs.' Mem. at 17.) Thus, given that Bank of America is also successor in interest to Countrywide, the original lender, a finding by the Court that the assignment is void would not appear to have any effect on Plaintiff's manner of payment.

7

validity of any such assignment [by MERS to BAC]. An action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment."); *In re MERS Litig.*, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) ("Thus, Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments [by MERS], and do not possess standing to assert a claim based on such."); *Velasco v. Sec. Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011), *aff'd on other grounds*, 508 F. App'x 679 (9th Cir. 2013) ("Thus, as strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of the Assignment [from MERS to BAC].").[5]

Accordingly, all of Plaintiff's state law claims concerning the purported assignment between MERS and New York Mellon are dismissed. Moreover, Plaintiff's state law claims fail to state a claim for relief for the additional reasons identified below.

    A.    *Fraud and Negligent Misrepresentation*

To state a claim for fraud under New York law, a plaintiff must allege: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). And, with respect to a negligent misrepresentation claim, a plaintiff must allege that: "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have

---

[5] While some decisions find dismissal warranted under Rule 12(b)(1) for failure to satisfy the case or controversy requirement of Article III, others suggest that such claims are defective under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court declines to address the issue, however, because the result would be the same under either rule in light of the deficiencies in Plaintiff's allegations.

known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000).

In order to support allegations of fraud, which are subject to the heightened pleading standards of Rule 9(b), a complaint must "'(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" *Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996)); *see also CAC Group, Inc. v. Maxim Group, LLC*, 2012 WL 4857518, at *5 (S.D.N.Y. Oct. 10, 2012), *aff'd*, 2013 WL 1831672 (2d Cir. May 2, 2013) (recognizing that "[f]ederal courts considering claims for negligent misrepresentation under . . . New York . . . law[] require such claims be pled with particularity under Rule 9(b)" (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 583 (2d Cir. 2005)).

Here, Plaintiff alleges, in bald, conclusory fashion, that "[t]here has been a material misrepresentation of facts. . . . Defendants represented that there was an assignment . . . of the mortgage," and "[t]he information was in fact incorrect or false." (Compl. at 11, 13.) With respect to Plaintiff's fraud claim, the complaint lacks supporting detail about Defendants' communications with Plaintiff and the nature and relationship of the entities to reasonably suggest that Defendants had a motive or opportunity to defraud, or that Defendants acted with conscious misbehavior or recklessness. Plaintiff, therefore, fails to allege facts that "give rise to

a strong inference of fraudulent intent" to support a plausible fraud claim. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Moreover, Plaintiff fails to comply with Rule 9(b) because Plaintiff has not identified any specific statements made by the Defendants, or when, where, and by whom those statements were made. Additionally, Plaintiff does not meet the more liberal pleading requirements of Rule 8(a) because her allegations do not lead to the reasonable inference that she relied on any misrepresentations to her detriment. For instance, Plaintiff fails to specify which entity she made payments to after the assignment, let alone describe how she would have acted differently, to her own benefit, absent any purported misrepresentations concerning the assignment. For all these reasons, Plaintiff's fraud and negligent misrepresentation claims are dismissed.

B.  *Unjust Enrichment*

Under New York law, a claim for unjust enrichment requires a plaintiff to establish: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (citation and internal quotation marks omitted). "The 'essence' of such a claim 'is that one party has received money or a benefit at the expense of another.'" *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (quoting *City of Syracuse v. R.A.C. Holding, Inc.*, 258 A.D.2d 905, 906 (4th Dep't 1999)).

Here, Plaintiff alleges that she "was making payments to entities that had no right to payments" (Compl. at 16); however, she fails to indicate with specificity the entity to which she directed her loan payments, making it unclear which entity—Bank of America, New York Mellon, or another institution—actually received a benefit. Significantly and more fundamentally, because Plaintiff remains obligated to make loan payments under the terms of the

adjustable rate note, and there is no threat of double recovery alleged, Plaintiff has failed to show that equity and good conscience would require restitution. Accordingly, Plaintiff's unjust enrichment claim is dismissed.

### C. *Quiet Title and Equitable Relief*

Plaintiff asserts a quiet title claim and also seeks equitable relief "cancelling . . . the mortgage of record," "barring enforcement or foreclosure of the mortgage," and "declaring that [she] holds fee simple title to the premises." (Compl. at 15, 17.) A claim for quiet title requires a Plaintiff to allege "the existence of a removable 'cloud' on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative." *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 418 (S.D.N.Y. 2010). As a preliminary matter, Plaintiff has offered no facts or legal theory to support her request to declare the mortgage unenforceable; at best, she is simply disputing which entity holds a security interest in the property. Additionally, as noted above, Plaintiff has not faced nor is in danger of facing an imminent injury, as opposed to a conjectural or hypothetical one, to warrant a determination as to the validity of the assignment of mortgage. Finally, assuming, *arguendo*, that Plaintiff properly had demonstrated that she has standing to challenge the assignment, given the absence of a viable federal claim or state law claims for damages, judicial economy, convenience, and fairness would lead the Court to decline to exercise supplemental jurisdiction over such a determination. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y. – Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

## IV. Leave to Amend

Plaintiff requests leave to amend her complaint in the event the Court grants Defendants' motion to dismiss, and has submitted a proposed amended complaint. (*See* Docket Entry No. 13-4.) Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] court should freely give

leave [to amend] when justice so requires." "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Here, Plaintiff's proposed amended complaint adds class allegations and includes additional details concerning MERS's role in the purportedly invalid assignment; however, amendment is futile for the same reasons identified above. As a preliminary matter, Plaintiff's proposed amended complaint does not provide additional allegations to suggest that her TILA claim is timely. Additionally, Plaintiff's proposed amendments do not demonstrate that she has standing to contest the assignment, or that she has suffered, or would ever suffer, damages or injury from it. Finally, nothing in the proposed amended complaint provides a basis for the Court to extinguish Plaintiff's debt or cancel her mortgage. Accordingly, Plaintiff's motion for leave to amend is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted, Plaintiff's motion for leave to amend is denied, and the complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      August 27, 2013

/s/
DORA L. IRIZARRY
United States District Judge